**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Rodney Ray Chisholm, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| James Saylor, Warden, | ) | Case No. 1:20-cv-135 |
| | ) | |
| Respondent. | ) | |

The petitioner, Rodney Ray Chisholm ("Chisholm"), is an inmate at the North Dakota State Penitentiary. He initiated the above-entitled action pro se on July 29, 2020. (Doc. No. 1). He filed notice of his consent to the Magistrate Judge's exercise of jurisdiction on August 17, 2020. (Doc. No. 4). For the reasons set forth below, this matter is dismissed without prejudice for lack of jurisdiction.

**I.     BACKGROUND**

Chisholm was convicted in state district court of the offense of murder. (Doc. No.1). On July 18, 2011, he was sentenced to 30 years imprisonment. (Id.). His conviction and sentence were affirmed on direct appeal by the North Dakota Supreme Court. (Id.). His subsequent application for post-conviction relief was ultimately denied by the state district court. (Id.).

On April 14 , 2016, Chisholm filed a habeas petition with this court pursuant to 28 U.S.C. § 2254. Chishold v. Braun, No. 1:16-cv-77 (D.N.D.) at Doc. No. 1. On April 21, 2016, he filed an amended petition raising four grounds for relief. Id. at Doc. No. 5. In grounds one and two, he asserted claims for ineffective assistance of trial counsel. Id. In ground three, he asserted that the State committed a Brady violation by withholding evidence in the state post-conviction proceeding.

1

Id. In ground four, he asserted that the cumulative effects of ineffective counsel throughout his legal proceedings, prosecutorial misconduct, discovery violations, and misconduct on the part of the trial judge entitled him to habeas relief. Id.  On March 28, 2018, the court denied his initial and amended petitions with prejudice. Id. at Doc. No. 33.

On July 29, 2020, Chisholm initiated the above-entitled action with the submission of a second petition for habeas corpus relief, asserting that the trial judge was biased, that the trial judge failed to properly instruct the jury, that his post-conviction counsel was ineffective.  (Doc. No. 1).

## II. DISCUSSION

Before requiring the respondent to file a response to the present petition, the court must satisfy itself that the present petition does not constitute a "second or successive" petition within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This is because AEDPA imposes the following restrictions on the consideration of "second or successive" petitions:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>   (2)  claim presented in a second or successive habeas corpus under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>   (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

an order authorizing the district court to consider the application.
28 U.S.C. § 2244(b)(1)-(3)(A).

One reading of § 2244(b)(1)-(3) is that any time there is a second petition for habeas relief that its provisions apply, including the requirement for obtaining circuit court permission before the district court can entertain the petition. The Supreme Court has rejected this reading of the statute, however. It concluded that Congress used the words "second or successive" as a term of art to incorporate pre-AEDPA abuse-of-writ principles and that, under these principles, not all second petitions are necessarily "second or successive" under AEDPA. In Crawford v. Minnesota, 698 F.3d 1086 (8th Cir. 2012), the Eighth Circuit further explained:

> AEDPA does not define what is meant by second or successive, but the Supreme Court has stated that the term does not encompass all applications "filed second or successively in time." Panetti v. Quarterman, 551 U.S. 930, 943–44, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). It is a term of art that incorporates the abuse of the writ doctrine from before AEDPA's enactment. Slack v. McDaniel, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). AEDPA then codified "some of the pre-existing limits on successive petitions" and imposed additional restrictions on habeas relief. Felker, 518 U.S. at 664, 116 S.Ct. 2333. It did not "expand [ ] the availability of habeas relief or allow[ ] federal courts to consider claims that would have been barred under the abuse-of-the-writ doctrine." United States v. Lopez, 577 F.3d 1053, 1066 (9th Cir.2009) (emphasis in original). A petitioner "may abuse the writ by failing to raise a claim [in a prior petition] through inexcusable neglect" or "by raising a claim in a subsequent petition that he could have raised in his first." McCleskey v. Zant, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Id.

Applying pre-AEDPA abuse-of-writ principles, a habeas petition will generally be considered "second or successive" (thereby requiring circuit court permission under § 2244(b)(3)(A)) if the claims were presented or could have been presented in an earlier petition that has been denied on the merits. But, a habeas petition generally will not be considered "second or successive" (and not requiring circuit court permission) when the prior petition has been dismissed without prejudice for non-merit reasons (failure to exhaust state remedies, failure to comply with

3

technical requirements, rejection of the petition because it is unintelligible, etc.) or when the claim could not have been included in the prior petition because the challenged conduct had not yet occurred. See Crouch v. Norris, 251 F.3d 720, 723-25 (8th Cir. 2001); Vancleave v. Norris, 150 F.3d 926, 927-28 & n.2 (8th Cir. 1998). With respect to dismissals for untimeliness, the Eighth Circuit (as well as other courts) have treated these determinations on the merits for the purpose of applying AEDPA's provisions governing second or successive petitions. Diaz Diaz v. United States, 297 Fed. App'x 574, 575 (8th Cir. 2008) (unpublished per curiam); accord In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) ("The dismissal of . . . [the] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.") (citing other federal circuit court opinions).

In the habeas petition now before the court, Chisholm is in a round about way endeavoring to challenge the validity of his state conviction on grounds similar grounds to these he raised in his first petition–alleged misconduct and/or error by the trial judge and the performance of counsel. There is nothing in the instant petition that obviates the need for pre-authorization for the petition from the Eighth Circuit as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, Chisholm's petition must be dismissed for lack of jurisdiction. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (concluding that a district court lacks jurisdiction to consider a successive petition filed without authorization from the appropriate court of appeals).

### III.   CONCLUSION

Chisholm's petition (Doc. No. 1) is **DISMISSED** without prejudice for lack of jurisdiction. Based upon the entire record before the court, the dismissal of this petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.

4

Consequently no certificate of appealability shall be issued.  See <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)).

    Dated this 22nd day of September, 2020.

                                                   */s/ Clare R. Hochhalter*  
                                                   Clare R. Hochhalter, Magistrate Judge  
                                                   United States District Court